IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WENDY ANDERSON, as              *
Administrator of the Estate     *
of John Wayne Siple, et al.,    *
                                *
        Plaintiffs,             *
                                *
    v.                          *       CV 112-031
                                *
COLUMBIA COUNTY, GEORGIA,       *
et al.,                         *
                                *
        Defendants.             *

O R D E R

This case arose from the incarceration and death of John Wayne Siple in the Columbia County Detention Center during the spring of 2011. Plaintiffs alleged wrongful death, deliberate indifference to a serious medical need, excessive force, and medical malpractice. (Doc. 1.) The Court granted summary judgment in Defendants' favor on March 31, 2014. (Doc. 84.)

On April 30, 2014, Defendants submitted a Bill of Costs (doc. 86) along with supporting documents. Specifically, Defendants seek to recover the following costs:

    Fees for service of summons and subpoena . . . . . . . . . $338.62

    Fees for printed or electronically recorded
    transcripts necessarily obtained for use
    in the case . . . . . . . . . . . . . . . . . . . . . . . $7,344.54

    Fees for witnesses . . . . . . . . . . . . . . . . . . . . . $60.00

    Fees for exemplification and the costs of making
    copies of any material where the copies are
    necessarily obtained for use in the case . . . . . . . . . $315.50

    Total . . . . . . . . . . . . . . . . . . . . . . . . . . $8,058.66

On May 13, 2014, Plaintiffs filed their objection to Defendants' bill of costs. Plaintiffs object based on their financial circumstances and ability to pay costs. More specifically, Plaintiffs allege that the John Wayne Siple estate has virtually no assets and that Sharon Siple "is an elderly woman with significant medical ailments, and is currently in a long-term care facility in the Augusta/Evans area." (Doc. 87 at 3.)

Defendants, as the prevailing party in this litigation, are entitled to recover certain costs as a matter of course pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. The costs that may be taxed against a non-prevailing party are defined in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920 and may not tax costs that are not listed in that section. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). As the non-prevailing parties in this case, it is Plaintiffs' burden to demonstrate that a challenged cost is not taxable. Sensormatic Elecs. Corp. v. Tag Co., No. 06-81105, 2009 WL 3208649, at *2, (S.D. Fla. Oct. 2, 2009) (citing EEOC v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

2

As the Eleventh Circuit has held, the district court may consider a non-prevailing party's financial status in awarding costs. Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th Cir. 2000). However, the presumption must remain in favor of granting the fees, "since denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." Id. (internal quotation and alteration omitted). To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so. See Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (citing Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984)). To consider Plaintiffs' financial circumstances, the Court must "require *substantial documentation of a true inability to pay.*" Id. (emphasis added). Indeed, the Eleventh Circuit instructs that the Court should only consider the financial circumstances of a non-prevailing party in "rare circumstances" and that a "foundation of the legal system [is] that justice is administered to all equally, regardless of wealth or status." Id. (internal quotations omitted). Thus, even where the district court does consider the non-prevailing party's financial circumstances, it "may not decline to award any costs at all." Id.

Here, Plaintiffs' provide the Petition for Letters of Administration for the estate of John Wayne Siple. (Doc. 87, Ex. A.) This document appears to indicate that John Wayne Siple's estate has extremely limited assets: (1) a truck worth approximately $2,000; (2) miscellaneous furniture and household items worth approximately $2,000; and (3) a claim for pain and suffering. Plaintiffs provide no supporting documentation regarding Sharon Siple's financial status,

3

aside from stating that she is elderly, has significant medical ailments, and resides in a long-term care facility.

In light of the Chapman standard, the Court hereby **DIRECTS** Plaintiffs to provide the Court with appropriate documentation of Sharon Siple's ability to pay within **TEN (10) DAYS** of this Order.

**ORDER ENTERED** at Augusta, Georgia this 10th day of March, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4