# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | | |
|---|---|---|
| WENDY ANDERSON, as Administrator of the Estate of John Wayne Siple, et al., | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | CV 112-031 |
| COLUMBIA COUNTY, GEORGIA, et al., | * * * | |
| Defendants. | * | |

## O R D E R

This matter comes before the Court on Defendant Columbia County's ("the County") Bill of Costs and Plaintiffs' subsequent objection to those costs. (Docs. 86-87.) For the reasons stated herein, Plaintiffs' objection is **SUSTAINED** to the extent that it seeks a reduction of the bill of costs, but **OVERRULED** to the extent it seeks a denial of all costs.

## I. Background

This case arose from the incarceration and death of John Wayne Siple in the Columbia County Detention Center in the spring of 2011. In their complaint, Plaintiffs alleged wrongful death, deliberate indifference to a serious medical need, excessive force, and medical malpractice. (Doc. 1.) The Court ultimately granted summary judgment in Defendants' favor on

March 31, 2014. (Doc. 84.) On April 30, 2014, the County submitted a Bill of Costs (doc. 86) along with supporting documents. Specifically, the County sought to recover the following costs:

```
Fees for service of summons and subpoena . . . $338.62

Fees for printed or electronically recorded
transcripts necessarily obtained for use
in the case . . . . . . . . . . . . . . . . . $7,344.54

Fees for witnesses . . . . . . . . . . . . . . . $60.00

Fees for exemplification and the costs of making
copies of any material where the copies are
necessarily obtained for use in the case . . $315.50

Total . . . . . . . . . . . . . . . . . . . . $8,058.66
```

On May 13, 2014, Plaintiffs filed an objection to the County's bill of costs. (Doc. 87.) Plaintiffs object based on their financial circumstances and ability to pay costs.[1] The letters of administration for the John Wayne Siple estate clearly demonstrate that it is devoid of any assets. Indeed, in a telephone conference held on April 22, 2015, Plaintiffs' counsel represented that the estate had to sell Mr. Siple's truck to cover the funeral costs. The only other assets listed in the letters of administration were "miscellaneous furniture and household items" worth approximately $2,000 and a claim for

---

[1] In their objection, Plaintiffs additionally state that "[d]uring the course of the litigation, there appears no allegation on the part of any defendant that Plaintiffs were pursuing the case in bad faith, or without some legal authority for their claims." (Doc. 87 at 2-3.) The relative good faith of the non-prevailing party in bringing the case is not a factor that is supported by case law from this Circuit, and Plaintiffs point to no statute, rule, or precedent to support a contrary decision.

2

pain and suffering of unknown value. (Doc. 87, Ex. A.) "The [e]state [similarly] holds no accounts that have any funds." (Doc. 92 ¶ 3.)

As to Ms. Sharon Siple, she "is an elderly woman with significant medical ailments, and is currently in a long-term care facility in the Augusta/Evans area." (Doc. 87 at 3.) In an affidavit provided to the Court, Ms. Siple's daughter represented that her mother receives just one source of income: $1,300 a month in Social Security benefits. (Doc. 92 ¶ 5.) Of that $1,300, all but $78.00 are paid to the nursing home for Ms. Siple's care and treatment, which presumably does not include incidental costs such as clothing or personal hygiene items. (Id.) In the April 22, 2015 telephone conference, Plaintiffs' counsel additionally represented that Ms. Siple (1) is roughly 80 years old, (2) has no additional assets such as brokerage accounts or IRAs, and (3) will remain a permanent resident of the nursing home with no prospects of future employment. During the telephone conference, the County's lawyer was presented with an opportunity to ask questions regarding Plaintiffs' financial status or make any other comments, which he declined to do.

## II. Bill of Costs Standard

The County, as the prevailing party in this litigation, is entitled to recover certain costs as a matter of course pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. As the

3

non-prevailing parties in this case, it is Plaintiffs' burden to demonstrate that a challenged cost is not taxable. Sensormatic Elecs. Corp. v. Tag Co., No. 06-81105, 2009 WL 3208649, at *2, (S.D. Fla. Oct. 2, 2009) (citing EEOC v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

As the Eleventh Circuit has held, the district court *may* consider a non-prevailing party's financial status in awarding costs. Chapman v. Al Transport, 229 F.3d 1012, 1039 (11th Cir. 2000). However, the presumption must remain in favor of granting the fees, "since denial of costs is in the nature of a penalty for some defection on the prevailing party's part in the course of the litigation." Id. (internal quotation and alteration omitted). To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so. See Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (citing Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984)); Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). To consider Plaintiffs' financial circumstances then, the Court must "require substantial documentation of a true inability to pay." Chapman, 229 F.3d at 1039. Indeed, the Eleventh Circuit instructs that the Court should only consider the financial circumstances of a non-prevailing party in "rare circumstances" and that a "foundation of the legal system [is] that justice is administered to all equally, regardless of wealth or status." Id. (internal

4

quotations omitted). Moreover, where the district court considers the non-prevailing party's financial circumstances, it "may not decline to award any costs at all." Id.

### III. **Discussion**

This matter presents a "rare circumstance" as contemplated by the Eleventh Circuit in Chapman. Here, Plaintiffs are (1) a decedent's estate with virtually no assets to speak of and (2) an elderly woman whose only income goes almost entirely to her long-term care facility. The County's bill of costs seeks to tax approximately $8,000 against them. The Court cannot imagine a case where it would be more appropriate to consider the non-prevailing parties' financial resources.

Having determined that this case warrants consideration of Plaintiffs' financial circumstances, the Court must next fashion the appropriate reduction in costs. The holdings of other courts in this circuit are instructive. In Moreland v. Miller, the court reduced costs from $1,274.45 to $318.61 simply upon a showing that the plaintiffs filed their complaint *in forma pauperis*. No. 13-S-579, 2014 WL 2795473, at * 1 (N.D. Ala. May 29, 2014). There, because the court reduced the filing fee from $400 to $100, it found a commensurate reduction in the costs taxed to be appropriate. Id. In Daughtry v. Army Fleet Support, LLC, the court found that the plaintiff's financial circumstances warranted reducing costs from almost $20,000 to

5

$3,000 upon the plaintiff's submission of an affidavit stating that "he is unemployed[,]" "faces homelessness because foreclosure proceedings have been initiated against him[,]" and "is without health insurance and has been unable to purchase necessary medication." No. 1:11-cv-153, 2014 WL 466109, at *3-4 (M.D. Ala. Feb. 5, 2014). Finally, one court — "taking [the plaintiff's *in forma pauperis* status] into consideration and in its discretion" — directed the clerk to tax no costs at all upon the plaintiff, instead ruling that each side should bear its own costs. Washington v. Verizon Commc'ns, Inc., No. 3:11-cv-29, 2012 WL 2192171, at *1 (M.D. Ga. June 14, 2012).

The facts presented regarding Ms. Siple's financial status and that of her deceased son's estate would certainly justify this Court in denying the County's Bill of Costs in its entirety. However, that is not the law of this circuit — the Court may not decline to award costs altogether. The unrefuted evidence shows that, at most, Plaintiffs *may* have $78.00 a month to spare. When the Court considers that this small balance is all that remains available to Ms. Siple to cover the basic expenses needed for a minimal human existence, it is clear that Plaintiffs have established a true inability to pay. The Court, therefore, finds that $100.00 "is sufficient to provide deterrence both to [Plaintiffs] specifically and litigants generally regarding the pursuit of non-meritorious cases." See Daughtry, 2014 WL 466109, at *4.

## IV. Conclusion

Based on the foregoing, Plaintiffs' objection (doc. 87) is **SUSTAINED IN PART** and **OVERRULED IN PART**. While the Court will not deny costs altogether, it finds Plaintiffs' financial circumstances warrant a significant reduction in the costs sought by the County. The Clerk of Court is thus **AUTHORIZED** and **DIRECTED** to tax costs in the amount of $100.00 against Plaintiffs.

**ORDER ENTERED** at Augusta, Georgia this 1st day of May, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA